## DELAND *vs.* RICHARDSON & RICHARDSON.

Where a cause in a justice's court stands adjourned to a particular day, the justice cannot before the day arrives, upon information that both parties have consented, adjourn the cause to a later day.

Therefore, where a cause stood adjourned to the 15th day of October, and on the 10th day of that month a person went before the justice and made oath that both parties had authorized him to appear and adjourn the suit to some day beyond the first day of January then next, and the justice accordingly adjourned it to the 9th day of January; on which day the plaintiff only appeared and obtained judgment; *held* that the adjournment was extra-judicial and that the cause was out of court.

A judgment of the common pleas reversing a justice's judgment will be affirmed by the supreme court for an error disclosed in the justice's return, though the common pleas, in its record, state a different reason for its judgment.

ERROR to Tioga C. P. Deland sued the Richardsons by summons returnable on the 15th day of July, 1844, which was personally served. On the return day the parties did not appear; but E. S. Sweet appeared as attorney for the plaintiff, and W. F. Warner as attorney for the defendants. No proof of the authority of the attorneys was asked or given on either side. After

Deland *v.* Richardson.

joining issue in covenant, the cause was adjourned by consent to the 20th of July. On that day the plaintiff appeared by Mr. Sweet as his attorney;· and Elias Richardson, one of the defendants, appeared for both of them, and asked a further adjournment, which was granted to the 15th of October. On the 10th day of October, Mr. Sweet went before the justice at his office, and being sworn, testified, in substance, that the plaintiff and Elias Richardson had both authorized him to appear and adjourn the suit to some day beyond the 1st of January then next; and thereupon the justice adjourned the cause until the 9th of January, 1845. On that day the plaintiff appeared in person; but the defendants did not appear. The plaintiff gave evidence in support of his claim; and the justice gave judgment in his favor for $6,38. On *certiorari,* the C. P. reversed the judgment, on the ground, as the record states, that the plaintiff could not recover under his declaration. The plaintiff brings error.

*E. S. Sweet,* for the plaintiff in error.

*N. W. Davis,* for the defendant in error.

*By the Court,* BRONSON, Ch. J. Assuming that all was regular, as against both of the defendants, down to, and including the adjournment to the 15th of October, still as neither of the parties appeared on that day, the suit was discontinued, and out of court. The oath administered to Mr. Sweet on the 10th of October—a day to which the cause did not stand adjourned—was extra-judicial; and consequently no authority was shown for his appearing at that time on behalf of either of the parties. (*Fanning* v. *Trowbridge,* 5 *Hill,* 428; *Lester* v. *Crary.* 1 *Denio,* 81.) As the defendants did not appear in January, they have not waived the objection.

It is of no consequence that the common pleas gave a different reason for reversing the judgment, so long as the reversal was right in point of law.

Judgment affirmed.