DAVID ALLARD et al., Appellants, *v.* EDWIN GREASERT et al.,
Respondents.

A parol contract for the sale of various kinds of goods, the purchase-price of each being less than fifty dollars, but the aggregate exceeding that sum, is an entire contract within the meaning of the statute of frauds, and is void.

Whether, as relates to performance, such a contract is entire, so that a recovery could only be had by showing delivery of all the articles purchased, or is severable, *quære.*

A delivery to a carrier specified in a parol contract of sale, does not take it out of the operation of the statute; there must be an acceptance by the vendee or an authorized agent, and an authority to receive, for transportation carries with it no implied authority to accept.

(Submitted May 12, 1874; decided September term, 1874.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of defendants entered upon a verdict.

This action was brought to recover for a bill of hats and caps claimed to have been sold and delivered by the plaintiffs to the defendants.

The following were the facts: In June, 1869, an agent of the plaintiffs, who were a firm doing business in Rochester,

called upon the defendants, a firm at Medina, with samples of the plaintiffs' goods. He showed them the samples, and gave them the price of each article. And they finally selected the following articles, which they agreed to take:

Of case No. 361, ½ doz. child's Leghorn sylvans
  at $11 per doz............................. $5 50
Of case No. 312, one doz. harvest hats, at...... 4 50
Of case No. 371, half doz. Panama hats, at.... 28 50 a doz.
Of case No. 372, half doz. Panama hats, at.... 36 00 a doz.
Of case No. 326, one doz palm leaf hats, at... 2 50 a doz.
Of case No. 324, one doz. palm leaf hats, at... 3 00 a doz.
Of case No. 329, one doz. white Glenwood, at.. 15 00 a doz.
Of case No. 159, one doz. black Alpine, at.... 24 00 a doz.
Of case No. 309, one doz. Leg. harvest, at..... 3 25 a doz.

The selection was made as follows: The agent showed the sample and named the price of an article, and then defendants stated how many they would take of the article, and the agent made a memorandum. The goods were to be shipped to defendants by the Merchants' Union Express, and were to be paid for in four months. Soon thereafter, the plaintiffs selected and boxed the goods, at Rochester, and delivered them to the express company, by which they were carried to Medina; and they also sent a bill of the goods to the defendants. The defendants declined to receive the goods, and returned the bill with a notice that they would not receive them on the ground that a portion of them were not like the samples shown. They were all like samples, except one dozen harvest hats, which differed slightly from the sample, and the purchase-price of which was four dollars and fifty cents. There was no note or memorandum of the agreement, in writing, signed by either party.

After the close of plaintiffs' evidence, defendants' counsel moved for a nonsuit upon the following grounds: 1. "That the agreement under which the plaintiffs seek to recover is within the statute of frauds and void. 2. That the order for the goods constitutes one entire contract, and the plaintiffs

have failed to fulfill, on their part, to deliver the harvest hats of the description ordered. That, by reason of said failure, the defendants had a right to refuse to receive any of the goods sent." The court sustained the latter ground, and upon that alone nonsuited the plaintiffs, and plaintiffs' counsel excepted.

*Daniel Wood* for the appellants. A delivery of the goods to the carrier in accordance with defendants' orders, was a delivery to them and an acceptance by them. (*Outwater* v. *Dodge*, 6 Wend., 397; *People* v. *Haynes*, 14 id., 546; *Dyer* v. *Forrest*, 2 Abb., 282; *Waldron* v. *Romaine*, 22 N. Y., 386; *Glen* v. *Whittaker*, 51 *Barb.*, 451; *Magruder* v. *Gage*, 3 Am., 177; *Krandler* v. *Elletson*, 7 id., 402.) The contract was severable as to each article, by the express agreement of the parties at the time it was made. (*Secor* v. *Sturges*, 16 N. Y., 548; *Tipton* v. *Feitner*, 20 id., 423, 433; *Stone* v. *Browning*, 49 Barb., 244; *Swift* v. *Opdike*, 43 id., 274; *Price* v. *Lea*, 1 B. & C., 68; *Carleton* v. *Woods*, 8 Foster [N. H.], 290; *Barclay* v. *Tracy*, 5 W. & S., 45; Story on Sales [3d ed., by Perkins], §§ 243, 244.) The contract was several. (Story on Sales, § 244, note 1; *Coaston* v. *Chapman*, 3 Eng. [Moaks' Notes], 187; *Price* v. *Lea*, 1 B. & C., 156; *James* v. *Shore*, 2 E. C. L., 165.) The nonsuit was error. (*People* v. *Cook*, 4 Seld., 67, 78; *Barnes* v. *Perine*, 2 Kern., 18, 22, 23, 32; *Seymour* v. *Cowing*, 1 Keyes, 532; *Mallory* v. *Tioga R. R. Co.*, 5 Abb. [N. S.], 420; *Carnes* v. *Platt*, 6 Robt., 270; *Monk* v. *Un. Mut. L. Ins. Co.*, 6 id., 455.)

*Bowen & Pitts* for the respondents. The contract being entire, the plaintiffs cannot recover unless they show performance. (*Bruce* v. *Pearson*, 3 J. R., 534; *Corning* v. *Colt*, 5 Wend., 256; *Catlin* v. *Tobias*, 26 N. Y., 222; *Hargous* v. *Stone*, 1 Seld., 86; *Burne* v. *Dord*, id., 98, 99; Story on Sales, § 415; *Bradley* v. *Parker*, 2 B. & C., 36; *Price* v. *Lea*, id., 155; *Logan* v. *L. Mesritner*, 6 Moore, 166; 2 Pars. Cont., 31–35.) The action was void under the statute

of frauds.  (2 R. S. [4th ed.], 317.)  There was not such a delivery as to take the case out of the operation of the statute of frauds, as there was no acceptance.  (*Cross* v. *O'Donnell*, 44 N. Y., 661 ; *Caulkins* v. *Hillman*, 47 id., 449.) Some act or conduct, on the part of defendants, manifesting an intention to accept the goods as a performance of the contract, and to appropriate them was requisite.  (*Caulkins* v. *Hillman*, 47 N. Y., 452; *Stone* v. *Browning*, 51 id., 211.)

EARL, C.  The judge at the Circuit regarded this as an entire contract of sale, and not severable ; and if he was right in this, he properly nonsuited the plaintiffs upon that ground.  If it was an entire contract, within the meaning of the law, the plaintiffs could recover only by showing entire performance, by a full delivery of all the articles purchased. But it is not necessary, in this case, to determine whether this was an entire or a severable contract, because the defendants also moved for a nonsuit upon the ground that the contract of sale was void under the statute of frauds.  Although the judge did not place the nonsuit upon this ground, it may be considered here.  He nonsuited the plaintiffs, and, even if he gave a wrong reason for it, and placed it upon the wrong ground, the nonsuit may be upheld upon any ground appearing in the case.  (*Curtis* v. *Hubbard*, 1 Hill, 336 ; *Simar* v. *Canaday*, 53 N. Y., 298; *Deland* v. *Richardson*, 4 Den., 95.)

Even if this were a severable contract so far as relates to the performance of the same, within the meaning of the statute of frauds it is an entire contract.  The reasons for holding it to be such are clearly set forth in *Baldey* v. *Parker* (2 B. & C., 41), and Story on Sales (§ 241).  This, within the meaning of the statute of frauds, is a contract for the sale of goods for the price of fifty dollars or more, and as there was no note or memorandum or payment, the question to be determined is, whether the goods were accepted and received by the buyers so as to satisfy the statute.  By the terms of the contract, the goods were to be delivered to the Merchants' Union Express to be carried to the defendants, and they were

so delivered. It is well settled that when there is a valid contract of sale, a delivery to a carrier, according to the terms of the contract, vests the title to the property in the buyer. It was decided, in *Rogers* v. *Phillips* (40 N. Y., 519), that a delivery, according to the contract, to a general carrier, not designated or selected by the buyer, does not constitute such a delivery and acceptance as to answer the statute of frauds. But it has been held that when the goods have been accepted by the buyer, so as to answer that portion of the statute which requires *acceptance*, a delivery to a carrier selected by the buyer will answer that portion of the statute which requires the buyer to receive. (*Cross* v. *O'Donnell*, 44 N. Y., 661.) So far as I can discover, it has never yet been decided in any case that is entitled to respect as authority, that a mere carrier designated by the buyer can both accept and receive the goods so as to answer the statute. (Benj. on Sales, 124.) The cases upon this subject are cited and commented upon, and the principles applicable to the question are so fully set forth in the two recent cases above referred to that no further citation of authorities or extended discussion is, at this time, important. It will be found, by an examination of the authorities, that, in most of the cases, where a delivery to a carrier has been held to satisfy the statute of frauds there had been a prior acceptance of the goods by the buyer or his agent. A buyer may accept and receive through an agent expressly or impliedly appointed for that purpose. There is every reason for holding that a designated carrier may receive for the buyer, because he is expressly authorized to receive, and the act of receiving is a mere formal act, requiring the exercise of no discretion. But there is no reason for holding that the buyer, in such case, intended to clothe the carrier, of whose agents he may know nothing, with authority to accept the goods, so as to conclude him as to their quality, and bind him to take them as a compliance with a contract of which such agents can know nothing. This case furnishes as good an illustration as any. The goods were boxed; the carrier could know nothing about them;

and its agents had no right to unpack and handle them. Its sole duty and authority was to receive and transport them. In such a case, it would be quite absurd to hold that the carrier had an implied authority from the buyer to accept the goods for him. If the buyer does not accept in person, he must do it through an authorized agent. Here it is not claimed that there was express authority conferred upon the carrier to accept, and the circumstances are not such that such authority can be implied.

Upon this last ground, therefore, the nonsuit was proper, and the judgment must be affirmed, with costs.

All concur.

Judgment affirmed.