The Chief Justice
delivered the following opinion denying the petition:
The appellant seems to base his petition for a re-hearing upon the assumption that this court entirely misapprehended the case and the contents of the record, and was mislead into commission of errors in its decision.
The first proposition is that "this court seemed to think that the records of the Probate Court of Leon county were evidence before the jury in the court below, whereas they were all ruled out by the judge.” This is a misapprehension on the part of the petitioner. What this court seem to think, was that it was uncertain whether the records of the Probate Court were read to the jury, and this uncertainty arose from the reading of the record filed in this court. On the whole, however, we concluded that the records of the Probate Court were not read, because they did not appear in the bill of exceptions, and we were unable to judge what they contained or what they proved.
These probate records, on being offered in evidence, were objected to, not for any valid objection to the records as evidence, but that they should not be received unless copies of them should be filed with the papers in the case, and the court ruled that the records might be read upon that condition. No exception was taken to this ruling, and the records for some reason were not at any time brought before the jury and read. What that reason was I could not understand. Without. them, or exemplified copies of them, there was no proof before the' court and none was offered, which, if admitted, would prove .the plaintiff’s case.
The petition states that "the court ruled that certified copies or extracts should be furnished, but when the extracts were produced, defendant objected to the extracts, because they were extracts and not the complete copies.” (Petitioner is mistaken. The court did not rule that "copies or extracts* should be furnished, but ruled that certified copies should be filed.)
The’court overruled the objection, and defendant excepted, but petitioner, says that defend ant. not having appealed, "is not entitled to any benefit from the exception, but it cumbers the record and lias a tendency to mislead this court.” In my judgment this is a very unnecessary suggestion. There is nothing here so unintelligible that this court has been misled by it, or that has a tendency to mislead.
Petitioner says that the court afterwards refused to allow the "extracts” to be read in evidence, because they were copies of the Probate record, and were not signed by Bellamy, " thereby ruling out the entire records of' the Probate *198 Court, upon which appellant’s whole cause of action was and is based.”
We found, and established our finding upon ample authority, that certified extracts from a particular record were not legal’ evidence, but that the whole should be certified, so that the court, and not the certifying officer, might judge of the value of the evidence offered. And we think the court should have excluded the certified extracts upon the first ground of objection. The exclusion of the certificates afterwards, for another reason, which may not have been a sound reason, amounts simply to tills, that the court decided correctly in excluding the evidence, but gave a wrong reason for the judgment. We do not think a correct judgment or ruling should be reversed because the reo sons for this ruling are not sound. (Hayes vs. Pope County, 7 Ark., 238; Deland vs. Richardson, 4 Denio, 95; Shepherd vs. Nabors, 6 Ala., 631.) If the exclusion was legal it is of no consequence what the reasons of the judge may have been; it would be absurd to reverse a corerct judgment upon such grounds. And we are reluctantly compelled to say (what should have been sufficiently understood from the opinion already given) that exception should have been taken to the ruling of the eourt when the original record of the Probate Court was. offered, or the plaintiff might have complied with the condition imposed by the court, and offered to file certified copies. In the first event he would have had the benefit of an exception, and in the second he would have had the benefit of the evidence he desired, and “upon which,” as petitioner well states, “ appellant’s whole cause of action was based-.”
Petitioner further says: “Appellant’s next best■ evidence were the admissions of the defendant as to the amount of commissions received by him, which admissions he made to several persons, and also made under oath in his answer to the suit in chancery,” all which were .ruled out by the judge, and this was the only evidence by which he could ' prove the amount received by the defendant.
Petitoner does not properly designate this as the “next best evidence.” It was competent evidence, undoubtedly* to show how much defendant had received from the estate for commissions and compensation. The failure to show what had been “allowed,” however, (which was absolutely necessary to be shown by the record of the judgment of the Probate Court,) was fatal to the action of the plaintiff. These “ admissions” were not the next best evidence, because, the records being present, the admissions were not evidence at all of a judgment allowing compensation to the executors. Proving that a certain sum of money came to the hands of the defendant was of no avail without showing, by legal evidence, that the plaintiff was entitled to some of that money. It made no difference to the plaintiff, therefore, whether the evidence of defendant’s admissions was excluded or received so long as they gave the plaintiff no right of action.
Petitioner further reiterates the point raised upon the hearing that the court refused to hear his testimony as to his willingness and readiness to act as an executor. We have already said that his right to compensation rested upon the statute and the fact that he was an executor, duly qualified, and that money had been allowed him by the court, and it is idle to contend that his readiness and willingness to act without some ‘competent evidence that an allowance liad been made in his favor, and that the money so allowed had been received bjr the defendant, could give him a cause of action against the defendant.
He further complains that when he endeavored to obtaih his rights in chancery he was remitted to a court of law, and now when he comes into a court of law the Circuit Court refuses to permit him to introduce his legal evidence, and thus he is remediless. In the equity case I said, that the plaintiff’s remedy was at law, according to the case made by his bill, but I did not say that he could recover without proving his cause of action by the ordinary course of legal proceedings and by competent evidence. Whether he had any such evidence I do not know, for it has not been exhibited in these proceedings. If the plaintiff is “reme-diless” thus far, it is because he has not produced the evidence of his right to recover, or has neglected to comply with well established rules in saving his exceptions to the ruling of the Circuit Court in excluding what is claimed to be legal evidence, and presenting such exceptions to this
In reviewing this case by the light of the suggestions contained in this petition, we do not discover that we had misapprehended the law or the facts of the case as presented in the record; nor do we find that we had inadvertently or otherwise misapplied the well settled rules of law.
The petition for a re-hearing is denied.