PETER NUGENT, Respondent, v. ADAM W. BEAKES, Sheriff of Orange County, Appellant.

*Statute of Frauds — delivery and acceptance of goods sold subject to their being satisfactory to the vendee — effect of their delivery by the consignor to a carrier not selected by the consignee.*

Although merchandise of the value of more than fifty dollars is purchased upon the verbal understanding between the purchaser and a third party that it is to be sold to the third party, if it proves satisfactory to him, and is delivered by the purchaser in accordance with such understanding to a general carrier not designated nor selected by the third party, and is by the purchaser consigned to the third party by a bill of lading forwarded to him by the purchaser (the consignor), there is no sufficient delivery and acceptance of the goods, and the title thereto remains in the consignor until the merchandise has been inspected by the third party, who has, until such inspection, no leviable or attachable interest in the merchandise as against such consignor.

APPEAL by the defendant, Adam W. Beakes, sheriff of Orange county, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 14th day of January, 1898, upon the verdict of a jury, and also from an order bearing date the 11th day of January, 1898, and entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

*M. N. Kane*, for the appellant.

*Henry Bacon* [*J. W. Gott* with him on the brief], for the respondent.

GOODRICH, P. J.:

A warrant of attachment was issued to the defendant, as sheriff of the county of Orange, in an action brought by Ralph Wisner against Conrad Schopp & Co., of St. Louis, Missouri, under which the sheriff levied upon 454 sacks of onions, alleged to be the property of Schopp & Co. The present action was instituted by the plaintiff Nugent for claim and delivery of the onions, on the ground that he, and not Schopp & Co., was the owner of them. The coroner took the goods from the sheriff and delivered them to the plaintiff. The answer justified the seizure under the warrant of attach-

ment, and alleged that Schopp & Co. owned the onions, or had a leviable or attachable interest therein.

The issue was tried before the court and a jury, which rendered a verdict for the plaintiff for $250 damages for detention, and from the judgment entered thereon and an order denying a motion for a new trial the defendant appeals.

It is evident from the record that the question of the title to the onions at the time of the levy by the sheriff was the real issue involved, and that this, on the evidence, was a simple question of fact. The court said : " The whole case hinges on the single question, who had the legal title to these onions on the 13th day of March, 1897, when I understand the levy was made ? " There was no exception to the charge, but the defendant had moved, at the close of the case, to dismiss " upon the specific ground that Conrad Schopp & Co., under all the testimony in this case, had an attachable interest in these onions ; that whatever interest he had was attachable interest by the sheriff," to which the court, denying the motion, replied, " It is attachable if the jury believe your theory."

The plaintiff testified that he bought the onions of Wisner, paid him the price in cash, and directed them to be placed on cars and consigned to Schopp & Co. by bill of lading, which was made out and delivered to the plaintiff and by him forwarded to Schopp & Co., with whom he had an agreement for the purchase of onions. This agreement is stated by the plaintiff to be based upon negotiations occurring in St. Louis between himself and Schopp, which closed with the statement of Schopp to the plaintiff : " If you will go to Orange county and buy onions we will buy all the onions you buy if the quality is satisfactory, and give you ten cents advance over the original purchase price." He also testified that Schopp & Co. had the right to accept the goods if they were satisfactory, or refuse to accept them if unsatisfactory, on their arrival at St. Louis. This testimony was corroborated by Schopp.

On the other hand, the defendant produced evidence to show that the sale was made by Wisner directly to Schopp & Co., and that Nugent was acting as the agent of the latter in the transaction, and that the vendor gave Nugent a receipt prepared by the latter, which read : " Received of Conrad Schopp so much money, $1,180.40 dollars, 454 sacks of onions." It is not necessary to state in detail

the other evidence. It is sufficient to say that there was raised a clear question of fact as to the person to whom the onions were sold ; there was sufficient evidence to justify a verdict that the onions were sold either to Nugent or to Schopp, and the verdict will not be disturbed.

The defendant, however, contends that the title to the onions vested in Schopp at the time of the purchase. But we are of opinion that this, as matter of law, is not true.

It is well settled that, upon a verbal contract for the sale of goods of more than fifty dollars in value, a delivery of them in accordance with such contract to a general carrier, not designated or selected by the buyer, does not constitute such a delivery and acceptance under the Statute of Frauds as to pass the title to the goods (*Rodgers* v. *Phillips*, 40 N. Y. 519 ; *Pierson* v. *Crooks*, 115 id. 539) ; that there must be some act or conduct on the part of the vendee, manifesting his intention to accept them absolutely and unconditionally, in full performance of the contract of sale. (*Stone* v. *Browning*, 51 N. Y. 211 ; *Allard* v. *Greasert*, 61 id. 1.)

The court instructed the jury as follows :

" They say that Mr. Nugent came here because of that understanding ; that he bought those onions himself at $2.60 a barrel or a sack, and that he consigned them to Mr. Schopp at St. Louis in pursuance of that understanding or agreement with the intention of selling them to him there, if upon inspection they should prove to Mr. Schopp to be within the terms of their verbal understanding, in other words, to be satisfactory, to be acceptable to him and to be accepted by him on inspection. And I say to you, for the purposes of this case, that if that is so, then the title of the property did not pass at the time the goods were placed upon the cars, and as between this officer and the vendee, Mr. Schopp, Schopp was entitled to the opportunity to inspect the goods and accept them on their delivery at St. Louis, and, therefore, they were not lawfully taken under this warrant of attachment."

It is clear from the evidence that Schopp & Co. did not designate the carrier, and that they had the right to inspect the goods before acceptance, so that the title did not pass to them at the time of the transaction between Nugent and Wisner, and, consequently, that Schopp had no leviable or attachable interest in the onions as against

the plaintiff; and as under the charge of the court the jury have found for the plaintiff, we see no reason to review the verdict.

We have carefully examined the other exceptions in the case and find no reversible error. The judgment must be affirmed.

All concurred, except HATCH, J., absent.

Judgment and order affirmed, with costs.