JOHN S. KELLNER, Plaintiff, *v.* EDWARD KENER, JR., Defendant.

(Supreme Court, Erie Equity Term, July, 1918.)

Contracts — oral — corporations — actions — Statute of Frauds.

Plaintiff and A, B and C, for the purpose of increasing their several holdings of the capital stock of a corporation and controlling its affairs, orally agreed that their several purchases of its shares of stock from other stockholders should be divided among themselves, the division to be made so as to keep their holdings substantially equal, each to pay for the stock received by him on the division, the stock when bought to be divided among the four; if there were only three it was to be divided among the three; if there were only two it was to be divided between the two, and, if there was only one left, it was to go to that one. Later plaintiff bought two shares of stock from D, paid the purchase price himself, caused the certificates thereof to be transferred, one to B, and one to C, each of whom reimbursed plaintiff for the moneys he had paid D for one share of

stock.  Later A purchased of B thirty-one shares of stock of said corporation, surrendered the certificates therefor and caused new certificates to be issued in his own name and claimed to be the owner of the same free and clear of all claims of plaintiff.  In an action against A to compel him to transfer one-third of the stock purchased of B upon being paid one-third the sum paid B bv defendant, *held,* that it was doubtful that the contract had any reference to stock purchased by any one of the four from any of the others.

If the contract applied only to stock purchased by any one of the four from a stockholder not of their number, plaintiff had no contract for the purchase of the B stock.

Assuming that the purchase of the B stock by defendant was covered by the contract the Statute of Frauds is a complete defense to the action, there having been no delivery to plaintiff of any part of the B stock, and plaintiff having paid nothing on the purchase price the action is not maintainable and the complaint will be dismissed.

ACTION for specific performance of contract.

Emery & Paul, for plaintiff.

George H. Frost, for defendant.

BROWN, J.  Kellner, Kener, Bricka and Breitweiser were stockholders in the Buffalo Co-operative Stove Company.  For the purpose of increasing their several holdings of the capital stock of the corporation and controlling its affairs, it was orally agreed between them on January 1, 1910, that their several purchases of the shares of stock from other stockholders should be divided among themselves, the division to be made so as to keep their holdings substantially equal, each to pay for the stock received by him on the division; the stock when bought to be divided among the four; if there were only three, it was to be divided among the three; if there were only

two, it was to be divided between the two, and, if there was only one left, it was to go to that one.

In 1914 plaintiff bought two shares of stock from one Poe, paid the purchase price himself, caused the certificates thereof to be transferred, one to Bricka and one to Breitweiser, each of whom reimbursed plaintiff for the moneys he had paid Poe for one share of stock. In 1916 the defendant Kener purchased of Bricka. thirty-one shares of stock in the corporation, surrendered the certificates therefor and caused new certificates to be issued in his name, and he asserts that he is the owner of the same, free of all claims of the plaintiff. Plaintiff brings this action to compel the defendant to transfer one-third of such Bricka stock to him upon being paid one-third the sum paid Bricka by the defendant.

It is urged by the defendant that the agreement above stated is unenforceable under the Statute of Frauds for the reason that it is a contract to sell all the shares of stock in the corporation that might be purchased by any one of the four men to the remaining three men in severalty (one-third to each), of the value of more than fifty dollars and no note or memorandum thereof in writing having been made and signed by the parties. The plaintiff asserts that the agreement is not void under the Statute of Frauds for the reason that the contract has been partly performed; that the two shares of stock purchased by plaintiff of Poe and sold and delivered by plaintiff to Bricka and Breitweiser were so delivered in pursuance of the contract, and that such delivery constituted an acceptance by the buyer, within the meaning of the statute, and was such a compliance with the statute as to relieve the contract from the penalty thereof.

If this were an action by plaintiff against Bricka or

Breitweiser to recover the amount paid by plaintiff to Poe for one share of stock, it is readily seen how the delivery of the certificate to Bricka or Breitweiser would relieve the contract from the charge that it was void under the statute. It is very difficult to see how the delivery of the Poe stock in 1914 to Breitweiser would constitute a delivery to the plaintiff as the buyer of the Bricka stock from the defendant in 1916. Conceding that both transactions were to be governed by the same contract does it necessarily follow that because one transaction was completed so as to constitute a compliance with the Statute of Frauds the other must also be deemed enforceable? The statute is, that delivery must be made to, and acceptance be made by, the buyer. The language is, " the buyer shall accept part of the goods * * * so contracted to be sold * * * and actually receive the same." Who was the buyer of the Poe stock? Certainly not Kener, the defendant. Who is the buyer of the Bricka stock? The plaintiff alleges that under the contract Kener has agreed to sell part of it to him; that is, that as to this Bricka stock plaintiff is the buyer and Kener is the seller. The plaintiff's contention is that the contract provides that the one of the four who buys any stock agrees to sell three-fourths thereof to the other three, one-fourth to each; that if one of the four sells to another of the four the purchaser agrees to sell one-third of the purchase to each of the other two, and that, therefore, the defendant should be required to sell to the plaintiff one-third of the stock purchased by the defendant of Bricka.

Assuming the plaintiff's contention to be correct, it is a several contract, calling for a sale of one-third of the stock to the plaintiff. The sale thus provided for is a separate and independent transaction, involving the sale by the defendant to the plaintiff of part

17

of the Bricka stock, and in no manner was involved in or connected with the transaction relative to the Poe stock. The contract of sale of the Poe stock to Bricka and Breitweiser involved no part of the agreement by the defendant to sell one-third of the Bricka stock to the plaintiff. The title to the Poe stock became vested in the plaintiff upon the purchase thereof by him, and when he delivered the certificate to Breitweiser the title passed to Breitweiser; such transaction was a sale, pure and simple. The title to the Bricka stock was in Bricka, and became vested in the defendant upon the delivery of the certificates to him; this title the defendant is alleged to have agreed to transfer to the plaintiff upon being paid the moneys paid by the defendant to Bricka. This transaction, under all the authorities, constituted an agreement to sell, if anything. In *Tompkins* v. *Sheehan,* 158 N. Y. 617, the agreement was that five men should sell 1,985 shares of stock to the defendant. Four of the men delivered 1,785 shares of stock to the defendant, who paid them for the same. Later plaintiff tendered his 200 shares to the defendant, who denied liability. The plaintiff had judgment for the value of 200 shares in the trial court, upon the ground that the delivery of the 1,785 shares by the four associates of plaintiff was a delivery of part of the stock agreed to be sold to the defendant and by him agreed to be purchased. The Court of Appeals reversed the judgment, holding that the plaintiff's separate ownership of the stock was a complete answer to the claim that there had been a delivery that complied with the requirement of the Statute of Frauds, and that such statute was a complete defense.

The only proof of the agreement in the case at bar is the testimony of the plaintiff; that testimony is of doubtful construction. Giving the plaintiff the bene-

fit of the most favorable construction, no contract seems possible of being stated other than as herein-before set forth. It is very doubtful that such contract has any reference to the stock purchased by any one of the four men from either of the others. The conversation as given by the plaintiff seems to contemplate only stock purchased by any of the four men from other stockholders; that is, stockholders other than the four men. The plaintiff testified that the stock was to be divided when bought: "It was to be divided amongst the four. Q. Well, was anything said about the event if one man sold all his stock? A. No. But in case one man died, his stock was to be sold to the remaining three. We didn't expect that anybody was going to draw out at that time, so nothing was said about it. Q. There was nothing said? A. No. sir. Q. So that you were entitled to one-fourth? A. Yes sir. Q. There was no contingency made for the other four? A. The stock was to be divided amongst us, the four of us; if there was only three, it was to be divided amongst us three; if there was only two of us, it was to be divided amongst the two; and if there was only one left, it was to go to that one."

If the contract applied only to stock purchased by any one of the four from a stockholder not one of their number, then the plaintiff has no contract for the purchase of the Bricka stock. What few shares of stock the defendant had purchased from outsiders cannot be a ground of complaint on the part of the plaintiff. They simply evened up the holdings of the defendant, and the plaintiff was satisfied with the result. If it be assumed that the purchase of the Bricka stock by the defendant was covered by the contract, it is seen that the Statute of Frauds is a complete defense to the action. The contract not being in writing, and being for the sale of property of more

than fifty dollars in value, there having been no delivery to the plaintiff of any part thereof, and plaintiff having paid nothing on the purchase price, the action cannot be maintained.

The plaintiff's complaint must be dismissed, but without costs.

Judgment accordingly.