expense and damage. The Appellate Division held: "The plaintiff is properly in equity by reason of the continuing trespass to its property by the defendant, and, once properly in equity, the court has the right to continue and assess the damages arising out of the trespass, on the theory of avoiding a multiplicity of suits."

*John P. O'Brien, Corporation Counsel* (*John F. O'Brien, Willard S. Allen, Charles V. Nellany* and *Daniel F. McMahon* of counsel), for appellant.

*Edward J. Byrne* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

JOHN S. KELLNER, Appellant, *v.* EDWARD KENER, JR., Respondent.

*Contract — specific performance — when oral agreement for sale of stock void under Statute of Frauds.*

*Kellner v. Kener,* 190 App. Div. 927, affirmed.

(Argued June 9, 1922; decided July 12, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 11, 1919, unanimously affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at an Equity Term. This action was brought for specific performance of an alleged oral contract claimed to have been entered into by the plaintiff and the defendant and one Edward Breitweiser and one Charles F. Bricka, demanding judgment compelling the defendant to deliver to the plaintiff certain stock of the Buffalo Co-operative Stove Company, purchased by the defendant since January 1, 1910, which it is claimed that the plaintiff has the right to purchase by reason of the alleged oral agreement. The complaint was dismissed upon the ground that the alleged contract was void under the Statute of Frauds.

*Simon Fleischmann, Worthy B. Paul* and *Edward C. Schlenker* for appellant.

*Richard H. Templeton* and *Wilber E. Houpt* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

MICHAEL J. CALLANAN et al., Appellants, *v.* THE STATE OF NEW YORK, Respondent.

*State — claim against state for expense of procuring workmen's compensation insurance in performance of contract with state owing to passage of Workmen's Compensation Law while work was in progress.*

*Callanan* v. *State of New York*, 195 App. Div. 944, affirmed.
(Argued June 9, 1922; decided July 12, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered March 11, 1921, which affirmed a judgment of the Court of Claims dismissing a claim against the state, filed pursuant to the provisions of chapter 607 of the Laws of 1918. The claim was based upon the following facts: On September 5, 1913, the firm of Laing & Horton entered into a contract with the state to construct a state highway; thereafter and on the 5th day of October, 1913, with the consent of the state authorities, they duly assigned this contract to these claimants, who performed all the work provided for therein; that after said contract was made and after its assignment to these claimants, and while the work was in progress, chapter 816 of the Laws of 1913 was enacted and this statute was re-enacted on March 16, 1914, taking effect July 1, 1914, all of which dates were before the completion of said work, and that thereby claimants were compelled to procure workmen's compensation. insurance and were damaged to an extent not reasonably to be anticipated when said contract was made or assigned to these claimants.

*Charles B. Sullivan* for appellants.

*Charles D. Newton, Attorney-General (Henry C. Henderson* of counsel), for respondent.