EDWARD A. MAHER, 3D, et al., as Trustees under the Will of FRANCES G. MAHER, Deceased, Appellants, v. JANE RANDOLPH, Respondent.

Argued May 26, 1937; decided July 13, 1937.

*C. Dickerman Williams, William Russell Bogert* and *Pearce H. E. Aul* for appellants. The Statute of Frauds (Cons. Laws, ch. 41, § 85, subd. 1) is a rule of evidence enabling the suppression of proof of an oral contract. If there was proof of a contract before the court without proper objection by the defendant the judgment of the trial court should not be disturbed. Here the testimony by defendant herself, proving the contract, makes the statute irrelevant. (*Hutchins* v. *Van Vechten*, 140 N. Y. 115; *McKenna* v. *Meehan*, 248 N. Y. 206; *300 West End Ave. Corp.* v. *Warner*, 250 N. Y. 221; *Ford Motor Co.* v. *Hotel Woodward Co.*, 271 Fed. Rep. 625; *Maddison* v. *Alderson*, 8 App. Cas. 467; *Morris* v. *Barron*, [1918] App. Cas. 1; *Crane* v. *Powell*, 139 N. Y. 379; *Wallace* v. *Dowling*, 86 S. C. 307; *Smith* v. *Brailsford*, 1 Dess. Eq. 350; *Degheri* v. *Carobine*, 100 N. J. Eq. 493.) As the draperies were already in the possession of the defendant and as defendant expressed by words her assent to becoming owner of the draperies, there was a part delivery taking the case out of the Statute of Frauds. (*Wilson* v. *Hotchkiss*, 171 Cal. 617; *Devine* v. *Warner*, 75 Conn. 375; *Raldne*

*Realty Co.* v. *Brooks*, 281 Mass. 233; *Harlan* v. *Carney*, 219 Mich. 539; *Kenesaw Mill Co.* v. *Aufdenkamp*, 106 Neb. 246; *Snider* v. *Thrall*, 56 Wis. 674.)

*Louis Bevier* for respondent. The admission by the defendant of the oral contract does not operate as a waiver by her of the protection of the Statute of Frauds and having pleaded it she may avail herself of it. (*Cozine* v. *Graham*, 2 Paige Ch. 177; *Lord Constr. Co.* v. *Edison Portland Cement Co.*, 234 N. Y. 411.) The contract is unenforceable by reason of the Statute of Frauds. (*Young* v. *Ingalsbe*, 208 N. Y. 503; *Cooke* v. *Millard*, 65 N. Y. 352; *Cross* v. *O'Donnell*, 44 N. Y. 661; *Dorsey* v. *Pike*, 50 Hun, 534.)

LOUGHRAN, J. As owners of 240 shares of the stock of a corporation formed under a co-operative ownership plan, plaintiffs held a lease of an apartment in a building erected by the corporation. This apartment, with its furnishings, they let to the defendant for a term to expire on May 15, 1935. The furnishings included three pairs of draperies worth about $150.

On May 5, 1935, the parties entered into an oral agreement for sale by the plaintiffs and purchase by the defendant of the 240 shares of stock for $4,000. In the course of this transaction the defendant inquired whether the plaintiffs " would consent to include the draperies in the sale," and the plaintiffs answered: " Very well, the draperies are yours." Before the time fixed for delivery of the stock and for payment of the first installment of the purchase price the defendant withdrew from the transaction.

This is an action for breach of the contract of purchase and sale. The defense is the Statute of Frauds relating to personal property. " A contract to sell or a sale of any goods or choses in action of the value of fifty dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action

so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf." (Pers. Prop. Law [Cons. Laws, ch. 41], § 85, subd. 1.) The question is whether there was such an acceptance and actual receipt of the curtains by the defendant as to make the contract enforceable.

" The acceptance and receipt are both necessary. The contract is not valid unless the buyer does both. These are two distinct things. There may be an actual receipt without an acceptance, and an acceptance without a receipt. The receipt of the goods is the act of taking possession of them." (*Cooke* v. *Millard*, 65 N. Y. 352, 367, 368.) Prior to the enactment in 1911 of section 85 of the Personal Property Law as part of the Uniform Sales Act, it was settled for us that the mere words of the bargain are not sufficient evidence to satisfy the statute in a case where the buyer already has possession of the goods under some prior and independent transaction of the parties. (*Young* v. *Ingalsbe*, 208 N. Y. 503. See *Matter of Hoover*, 33 Hun, 553; *Dorsey* v. *Pike*, 50 Hun, 534.) Such is this case.

Plaintiffs contend that the law was changed by subdivision 3 of section 85. It is thereby provided: " There is an acceptance of goods within the meaning of this section when the buyer, either before or after delivery of the goods, expresses by words or conduct his assent to becoming the owner of those specific goods." The argument of the plaintiffs, as we understand it, is that acceptance by a buyer in independent possession includes an actual receipt; that an acceptance may now be evidenced by words without an act; and that, therefore, such a transaction, though resting in words alone, is no longer condemned by the statute.

Concededly this construction of section 85 cannot here be adopted consistently with the reasoning of the opinion

of this court in a case which was the source of the decisions last cited. What was said in that case is no less true in the case in hand. " The declarations relied upon as evidence of a delivery and acceptance constitute a *part* of the *contract*, and of course are obnoxious to all the evils and every objection against which it was the policy of the law to provide." (*Shindler* v. *Houston*, 1 N. Y. 261, 264.) The validity of this view of the statute, as we are aware, has been doubted and denied. But with the policy of the law as there declared in 1848 the Legislature did not see fit to interfere prior to the enactment of the foregoing subdivision 3 of section 85 of the Personal Property Law in 1911. Under the circumstances we cannot find in section 85 a sufficient expression of intention to overturn so long and so settled a course of decision.

The judgment should be affirmed, with costs.

Finch, J. (dissenting). We are no longer bound by *Young* v. *Ingalsbe* (208 N. Y. 503). The rule enunciated therein has been the subject of much criticism and is contrary to the great weight of authority. (Williston on Contracts [Rev. ed.], § 554; American Law Institute, Restatement of the Law of Contracts, § 202; Burdick, A Statute for Promoting Fraud, 16 Col. Law Rev. 273.) In 1911 New York adopted the Uniform Sales Act which, in subdivision 3 of section 85 (Personal Property Law; Cons. Laws, ch. 41), provides that " There is an acceptance of goods within the meaning of this section when the buyer, either before or after delivery of the goods, expresses by words or conduct his assent to becoming the owner of those specific goods." Most of the other States which have adopted the Uniform Sales Act construe this to mean that where goods are already in possession of the buyer, acceptance may be evidenced by words. (Williston, *op. cit. svpra*, § 557.) The statute having been amended, we are no longer bound by the earlier cases and, especially in view of our adoption of the Uniform Statute, no valid reason appears for continuing

to follow a rule which seems to be counter to the new statute and is out of harmony with the rule generally adopted.

The judgment of the Appellate Division should be reversed, and the judgment of the Trial Term reinstated, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS and RIPPEY, JJ., concur with LOUGHRAN, J.; FINCH, J., dissents in opinion.

Judgment affirmed.