702

ALFRED A. STRELSIN, Plaintiff, *v.* THE CENTRAL TRUST COMPANY and Others, Defendants.

Supreme Court, Special Term, New York County, October 26, 1937.

*Max D. Steuer* [*M. D. Steuer* and *Henry Klein* of counsel], for the plaintiff.

*Davis, Polk, Wardwell, Gardiner & Reed,* for the defendant Guaranty Trust Company, and

*Mudge, Stern, Williams & Tucker,* for the defendant Chase National Bank of the City of New York, with *Russell S. Contant* and *George L. Trumbull* of counsel for both moving defendants.

ROSENMAN, J. This is a motion by the defendants Guaranty Trust Company of New York and Chase National Bank of the City of New York for judgment dismissing the complaint as against them on the grounds that the alleged " contract on which the action is founded is unenforceable under the provisions of the Statute of Frauds." (Rules Civ. Prac. rule 107, subd. 8.)

In substance the complaint and the affidavits submitted in opposition to this motion assert that an oral contract was made between the plaintiff, the moving defendants and two other banks

(The Fifth Third Union Trust Company and the Central Trust Company), located in Cincinnati, Ohio, whereby the plaintiff agreed to buy and the defendants severally agreed to sell all of their respective separate holdings of stock and debentures of the Gruen Watch Company, that plaintiff agreed to leave the securities so purchased from the defendants in escrow with the defendant Central Trust Company as security for the fulfillment by the plaintiff of certain obligations of the defendants which they had undertaken in the reorganization of the Gruen Watch Company. The complaint and opposing affidavits further allege that a written contract was drawn up to this effect in New York city, to be executed in Cincinnati; that the moving defendants delivered their respective securities to the Central Trust Company; that the latter received them and acknowledged such receipt to the plaintiff who consented to such receipt and acceptance on his behalf by the Central Trust Company as escrow holder; that instead of executing the written agreement, the defendants told plaintiff that they would not consummate the deal and that they would not perform the oral contract made prior thereto. The plaintiff seeks specific performance of such unwritten contract.

The moving defendants in their affidavits allege that no contract of any kind was ever entered into between the parties; that it was always understood between them that there would be no obligation until a written contract should have been signed by all of the defendants; that the securities were of a value in excess of $2,500; that there was no acceptance or receipt by plaintiff of such securities; that plaintiff has given nothing in earnest to bind the alleged contract or in part payment; and that no note or memorandum in writing had been signed by any of the defendants. The defendants urge that the alleged contract is, therefore, unenforcible either under the New York or Ohio Statutes of Frauds. (The only material difference between the statutes of these States is the limitation of the value of goods sold, that of Ohio being $2,500, and that of New York being $50. See Ohio General Code, § 8384, and Pers. Prop. Law, § 85, respectively.)

The moving defendants contend that the securities which they respectively owned never left their banks in New York. The plaintiff, on the other hand, says that the moving defendants agreed in New York " to bring along the Gruen securities owned by their respective banks to Cincinnati for the purpose of having them transferred there and deposited according to the understanding, and said securities were in the custody of said gentlemen [officers of moving defendants] on our trip to Cincinnati or had

already been transported to Cincinnati; " that the securities sold by the moving defendants to plaintiff were deposited respectively by each of such defendants shortly after arriving in Cincinnati with the Central Trust Company; that subsequently at a meeting between all the parties one of the defendants, in the presence of all, stated that the securities " had already been delivered to the Central Trust Company, which had been agreed upon as escrowee by all the banks, and- Mr. Strelsin was asked whether that was satisfactory to him and he said entirely so, and he, in turn, said: ' Then that becomes now my delivery of the securities under the agreement between . all of us? ' and that was answered yes by Mr. De Puis [officer of the Central Trust Company] speaking, as he had said at the outset, for all." The defendants deny all of these allegations.

There is thus presented an issue of fact which cannot now be disposed of upon affidavits, as to delivery, receipt and acceptance, all of which are required under the Statute of Frauds. As to delivery, the issue of fact is whether the securities were actually physically turned over to the Central Trust Company by the moving defendants. As to receipt and acceptance, the issue is whether the conversations in Cincinnati were in substance as the plaintiff alleges, the question of acceptance being a question of fact. (*Stone* v. *Browning*, 68 N. Y. 598, 604; *Garfield* v. *Paris*, 96 U. S. 557, 563.)

The moving defendants claim, however, that even if it be assumed that delivery of the securities was made to the Central Trust Company, such delivery nevertheless does not take the transaction out of the Statute of Frauds since the Central Trust Company was itself one of the sellers under the alleged contract; and that mere words will not satisfy the need for receipt and acceptance under the statute.

It is not necessary that acceptance " be by the vendee in person; it may be by his agent, acting under either a general or special authority." (*Outwater* v. *Dodge*, 6 Wend. 397, 402.) Ordinarily the seller himself cannot be the agent of the buyer to accept or to receive goods so as to take a sale out of the provisions of the Statute of Frauds. (*Broom* v. *Joselson*, 211 App. Div. 157; Restatement of the Law of Contracts, § 204.) So that, if the third person to whom a delivery is made under a contract of sale is jointly liable with the seller on the contract, the necessity for receipt and acceptance, under the rule of *Broom* v. *Joselson* (*supra*), is not complied with.

However, the third party here, the Central Trust Company, is not jointly liable with the moving defendants under the alleged

agreement. The alleged contract is a separable one. The liability of each of the defendants is not joint; for it is alleged that they *severally* agreed to sell their *separate* respective holdings, " each for itself." As to the securities of the two moving defendants, the Central Trust Company is not a seller. The delivery to, and acceptance by, the Central Trust Company of the moving defendants' securities, consented to by the plaintiff, are, therefore, a sufficient receipt and acceptance under the Statute of Frauds, if proved.

The circumstance that all of the securities were covered in the one agreement does not alter the fact that each defendant respectively had a distinct and several ownership of the securities which each allegedly sold to plaintiff. Consequently, the defense of the Statute of Frauds which the Central Trust Company may validly assert cannot, under the circumstances, be set up as a bar by the moving defendants under this separable agreement.

*Tompkins* v. *Sheehan* (158 N. Y. 617) closely parallels this case. There the single oral agreement was that each of the five men should sell his respective shares of stock to the defendant, totaling 1,985 shares. Four of the men delivered their respective shares of stock, totaling 1,785 shares, to the defendant who paid for the same. Later the plaintiff, who was the fifth and remaining seller, tendered his 200 shares to the defendant, who refused to take them. The plaintiff had judgment in the trial court for the value of 200 shares upon the ground that the delivery of the 1,785 shares by the four associates of plaintiff was a delivery of part of all the stock agreed to be sold to the defendant and by him agreed to be purchased, and that this partial delivery satisfied the Statute of Frauds. The Court of Appeals reversed the judgment, holding that such statute was a defense, and that the plaintiff's separate ownership of the stock was a complete answer to the claim that there had been a delivery that complied with the requirements of the statute. The basis of this decision was that the agreement was a separable one, so that delivery by some of the separate sellers did not enable another seller who had not delivered to claim compliance with the statute. The converse should be equally true; failure to deliver by one of several separate sellers (Central Trust Company) does not enable other sellers who have delivered (the moving defendants) to avail themselves of the statute. (See, also, *Kellner* v. *Kener*, 104 Misc. 254; affd., 190 App. Div. 927; affd., 234 N. Y. 521.)

Since " a buyer may accept and receive through an agent expressly or impliedly appointed for that purpose " (*Allard* v. *Greasert*, 61

N. Y. 1, 5), such acceptance and receipt, if proved, would satisfy the statute.

Central Trust Company, being an independent separate seller of securities, is legally capable of being the plaintiff's agent for the receipt and acceptance from the moving defendants (who are also independent separate sellers) of the securities allegedly delivered by them to it in that capacity.

It is of course not here decided that such delivery was made, for that is the very question which must await determination by the trier of the facts. But if the plaintiff does prove such fact of delivery, then the subsequent conversation which he relies upon to show the acceptance and and receipt of the securities by Central Trust Company on his behalf will, if also proved, satisfy the Statute of Frauds.

" A purchaser may accept without receiving, and he may receive without accepting, and, in order to comply with the Statute of Frauds, he must both accept and receive, " but " there is nothing in the statute which requires that the accepting and receiving shall be at the same time. Either may precede the other; and, after both have concurred, the statute has been complied with and the contract becomes operative and valid." (*Cross* v. *O'Donnell*, 44 N. Y. 661, 664.)

The moving defendants rely on the case of *Maher* v. *Randolph* (275 N. Y. 80). In that case the court held that " mere words of the bargain are not sufficient evidence to satisfy the statute in a case where the buyer already has possession of the goods under some prior and independent transaction of the parties. (*Young* v. *Ingalsbe*, 208 N. Y. 503.) " Although the court stated that this was the rule prior to the enactment of section 85 of the Personal Property Law in 1911, it held that even the Legislature's addition of subdivision 3 to that section did not change such rule. The court redeclared the law as laid down in *Shindler* v. *Houston* (1 N. Y. 261, 264), to the effect that " The declarations relied upon as evidence, of a delivery and acceptance constitute a *part* of the *contract*, and of course are obnoxious to all the evils and every objection against which it was the policy of the law to provide." Although this earlier rule, which the court in *Maher* v. *Randolph* followed, has been subject to much criticism (See dissenting opinion of Judge FINCH in *Maher* v. *Randolph*), it is still the settled law in this State in spite of the statutory amendment.

However, that case is distinguishable from the cases here under consideration. In the *Maher* case the goods at the time the alleged sale was made were already in the possession of the *buyer*, as a

result of a prior and independent transaction of the parties, whereas the plaintiff here alleges that he received possession by reason of the *actual physical transfer* of possession of the securities by and from the moving defendants to the Central Trust Company and the receipt by the Central Trust Company of the securities on behalf of the plaintiff — all as a part of this transaction of sale. Prior to that time plaintiff never had possession of the securities, nor had the Central Trust Company. If this is proved as a fact, then there were an actual change of possession and an actual overt act of delivery which comply with the statute. The plaintiff here does not try by mere declarations to satisfy the requirements of the statute *both* as to delivery *and* acceptance as was attempted in *Maher* v. *Randolph* (*supra*). He asserts that delivery was accomplished by an actual transfer of possession of the securities, not by words alone.

It is true that on this motion plaintiff seeks to prove such change of possession partly by words. But the proposed proof by words to show delivery is different in nature from the proposed oral proof of receipt and acceptance. The words with respect to delivery are in the nature of an admission against interest, and tend to prove that an actual overt act of transfer was made physically and not by words alone.

As to receipt and acceptance, there is no prohibition in the *Maher* case (*supra*), or in the statute, against showing by words receipt and acceptance alone. The words allegedly used here, if proved, would be sufficient in themselves to constitute receipt and acceptance. The act of a physical change of possession together with the oral declarations of receipt and acceptance are sufficient, if both are proved, to satisfy the statute.

The motion is, therefore, denied with leave to defendants to set up the Statute of Frauds as a defense in their answers, which are to be served within twenty days after service of a copy of this order with notice of entry thereof.