PAIGE vs. McMILLAN.

SALE OF GOODS WITH WARRANTY: RESCISSION. *(1) Goods must be returned within reasonable time. (2) When question of reasonable time for the court. (3) Case stated. Offer to return not made in time.*
APPEAL TO SUPREME COURT. *(4) When this court reviews the evidence.*

1. Upon the sale of a machine designed for a special use, whether it be a sale on trial, or an absolute sale with express or implied warranty, the vendee, if he wishes to rescind the contract on the ground that the machine is not well adapted to the use, must return or offer to return it *within a reasonable time.*

2. The question in such cases as to what is a reasonable time depends to some extent on the circumstances of each case, and is generally for the jury; yet the delay may be so long continued that the court will, as a matter of law, hold the offer to return too late.

3. Plaintiff sold defendant a " gang edger," with condition that defendant should have a right to return it if it was not properly constructed and did not work well. It was shipped to defendant July 8th, put up for use as early as August 15th, and used until October 1st; and defendant did not notify plaintiff until November 14th, that it did not work well and was subject to plaintiff's order. *Held,* that these facts show *laches* in the defendant, by which he lost the right to return the machine; and the facts that plaintiff's manufactory was in Oshkosh, and that defendant's mill was about 37 miles from Stevens Point, and distant from the railroad to which the machine would have to be taken for transportation to Oshkosh, do not prevent this result.

4. Where the trial is without a jury, this court, on appeal, reviews the evidence.

APPEAL from the Circuit Court for *Winnebago* County.

This action was upon an account for machinery manufactured by the plaintiff for the defendant. The only disputed item therein was for the price of a machine known as a "gang edger," being $275. The answer as to that item was, that on or about the 1st of May, 1874, the plaintiff constructed said gang edger for the defendant, at the agreed price of $260; that it was part of the agreement that said gang edger should be constructed in a good, workmanlike manner, should be in every respect perfect, should be suitable for and adapted to the

edging of lumber, and in every way satisfactory to the defendant, and that if, upon a fair trial, it should prove to have been constructed in a manner not workmanlike, or not to be suitable for or adapted to the edging of lumber, or to be imperfect and unsatisfactory to defendant, it should be taken back by the plaintiff, and the amount charged defendant therefor should be placed to defendant's credit; that the gang edger proved, upon a fair trial, to have been constructed in a manner not workmanlike, to be unsuitable to the edging of lumber, and to be entirely unsatisfactory to the defendant; that he promptly notified plaintiff of its defects and unsatisfactory qualities, and requested him to take it away and give the defendant credit for the amount charged him therefor; that the plaintiff has never complied with the defendant's request in this regard; and that on the 1st of October, 1875, before the commencement of this suit, and as soon as the defendant discovered the defect, he duly tendered said edger back to the plaintiff, and ever since has been and still is willing to return it.

The proofs are, that the machine was shipped by the plaintiff to the defendant July 8, 1875, and was put up for use as early as August 15th, and used by defendant until October 1st; and that on the 14th of November in the same year, in a letter of that date forwarded by mail, he notified the plaintiff that the machine did not work well, and that it was subject to plaintiff's order.

The cause was tried by a referee, who found a balance due the plaintiff, exclusive of the charge for the gang edger, of $592.55. As to the latter implement the referee found as follows:

"1st. I find that the gang edger * * * was sold to defendant with the condition, that if it did not work well, and was not properly constructed, defendant had the right to return the same to plaintiff.

"2d. I find that said gang edger was not so constructed as to do good work.

" 3d. I find that the defendant, on the 14th of November, 1874, notified the plaintiff of the unfitness of the edger to do its work, and that the same was subject to his (plaintiff's) orders, and that said notice was within reasonable time, and that afterwards he delivered it to the agent of the railroad company at Marshfield, subject to the order of plaintiff.

" And as conclusions of law:

" 1. That plaintiff is not entitled to recover for the gang edger.

" 2. That plaintiff is entitled to judgment against defendant for the sum of $592.55."

Exceptions taken to this report by the plaintiff, were overruled by the circuit court, which confirmed the report, and rendered judgment thereon for the plaintiff for $592.55. The plaintiff appealed from the judgment, assigning as error the refusal of the court to include therein the price of the gang edger.

*Gabe Bouck*, for the appellant, argued, among other things, that whether this was a conditional or an unconditional sale, it was incumbent upon the defendant, if he did not wish to retain the edger, to return it as soon as the defects were discovered; and that, upon the defendant's own showing in this case, he should be held not to have offered to return the edger within a reasonable time.   Benjamin on Sales, § 900; 1 Chitty on Con., 650; *Boothby v. Scales*, 27 Wis., 636; *Kellogg v. Denslow*, 14 Conn., 411; *Treadwell v. Reynolds*, 39 id., 31; *Cutler v. Gilbreth*, 53 Me., 176; *Esty v. Read*, 29 Vt., 278; *Mayer v. Dwinnell*, id., 298; *Hoadley v. House*, 32 id., 179; *Percival v. Blake*, 2 Carr. & P., 514; *Milner v. Tucker*, 1 id., 15; *Cash v. Giles*, 3 id., 407.

For the respondent, a brief was filed by *Finch & Barber*, and the cause was argued orally by *Charles Barber*.   They argued, 1. That the sale of the gang edger was what is known in law as a *sale on trial;* that in such cases, if no time is fixed for the trial, the buyer is entitled to a reasonable time to test

the article; and that the same rule applies in regard to what is called a contract of sale or return. Benj. on Sales (Am. ed.), § 597; 1 Parsons on Con. (6th ed.), 538; *Moss v. Sweet*, 16 Q. B., 493; *Barstow Stove Co. v. Bonnell*, 36 Wis., 63. 2. That the defendant did not retain and use the edger an unreasonable time before offering to return it. What is a reasonable time is usually a question of fact. *Okell v. Smith*, 1 Starkie, 107; *Boothby v. Scales*, 27 Wis., 626. It is to be determined from all the circumstances of the case. The character of the article, the opportunities of the buyer for testing it, and his experience and knowledge, are all to be considered. "The purchaser should have fair and sufficient time and opportunity, all the circumstances considered, including his own, to test and examine the property." Six weeks or less might be sufficient to test a simple piece of machinery set up in the city of Oshkosh adjoining the machine shop; but this edger is a complicated piece of machinery, and was placed in a mill just constructed in the wilderness, thirty-eight miles from the nearest machine shop, nearly a hundred from Oshkosh, and five miles from a railway station; and it was operated by comparatively inexperienced persons, without facilities for testing it. The evidence shows beyond dispute that the defendant ascertained with difficulty what was the defect in the machinery; the mill had just been built, and the mill men at first supposed that the difficulty lay in the saws; and it was not until defendant had an experienced mill man come and examine the machinery, that he concluded to return the edger. It was then delivered at the nearest railway station, subject to plaintiff's order, as soon as the roads would permit.

LYON, J. Whether this was a sale on trial, as claimed by the learned counsel for the defendant, or an absolute sale with warranty express or implied, it was the duty of the defendant, if he wished to rescind the contract, to return or offer to return the machine within a reasonable time. The question as

Paige vs. McMillan.

to what is a reasonable time must to some extent be deter-
mined upon the circumstances of each particular case. Usu-
ally, perhaps, it is a question of fact for the jury; but the
delay to return or offer to return the defective article may be
so long continued that the court will hold, as matter of law,
that the right to return it is lost. The general rule is, how-
ever, that the vendee must proceed with reasonable diligence
to test the article, and, if it proves defective, must promptly
notify the vendor of the defects therein and offer to return it.
In the language of some of the cases, he must do so *immedi-
ately* after discovering the defects. The law is thus stated in
*Boothby v. Scales*, 27 Wis., 626; and the opinion by DIXON,
C. J., contains an elaborate discussion of the whole subject,
with references to numerous cases which hold the same doc-
trine.

In the present case the defendant had ample opportunity to
test the machine by the 1st of October, when he ceased to use
it; and his delay from that time to November 14th to notify
the plaintiff that it was defective, and to offer to return it, is
entirely unexplained. True, the testimony tends to show
that the machine was put up in the woods five miles from a
railroad, and that the highways were in such condition that it
could not be removed to the railroad until winter. The plaint-
iff's manufactory is in Oshkosh, and the mill of defendant, in
which the machine was placed, was 37 or 38 miles from Stev-
ens Point. It was probably necessary to take the machine to
the railroad in order to transport it to Oshkosh. But these
facts do not excuse the delay in the offer to return. Had the
offer been made more promptly, it is possible that the plaintifl
might have sold the machine to other parties in the neighbor-
hood, or made some other advantageous disposition of it, with-
out taking it to Oshkosh. It was but just that he should
have had full opportunity to do so if he chose; and hence it
is that the law requires the offer to return to be promptly
made. Moreover, the plaintiff rendered the defendant several

accounts, including the price of the machine, prior to the offer to return — the first of these as early as July 9; yet the letter of November 14th was the first notice given the plaintiff of the alleged defects in the machine.

Had the cause been submitted to a jury, and had the jury found that the offer to return the machine was made within a reasonable time, we might hesitate to disturb a judgment based upon such finding. But the cause having been determined without the intervention of a jury, we are required to review the evidence. As a proposition of fact, therefore, the evidence satisfies us that the defendant, in that he neglected, during the six weeks he was engaged in testing the machine, and during the succeeding six weeks after he had ceased to use it, to offer to return it, or to notify the plaintiff that it was defective, is chargeable with *laches*, which defeats his right to return the property. This proposition controls the case, and renders it unnecessary to determine other questions argued at the bar. It follows that the plaintiff was entitled to judgment for the contract price of the gang edger in addition to the amount which he recovered. The plaintiff testified that the contract price of the machine was $275, while the testimony introduced by the defendant tends to show that it was only $260. It is the safer course to take the latter sum as the true one.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded with directions to that court to render judgment in accordance with this opinion.