THOMAS E. GREACEN, Respondent, *v.* FREDERICK J. POEHLMAN, Appellant.

1. SALE — CONTRACT OF "SALE OR RETURN" BY WHICH GOODS MAY BE RETURNED IF NOT AS REPRESENTED — REASONABLE TIME FOR RETURN — QUESTION OF FACT.  A contract of "sale or return," whereby a vendee may return the goods purchased, if not as represented by the vender, within a specified time, or, if no time is fixed, within a reasonable time, the sale to be absolute if the goods are not returned, is a valid and enforceable agreement; but if no time within which the goods may be returned is fixed by the contract, the question whether they were returned within a reasonable time is generally, in an action brought for the purchase price thereof, a question of fact for the jury.

2. SAME — EVIDENCE EXAMINED AND HELD TO ESTABLISH A CONTRACT OF "SALE OR RETURN" — ERRONEOUS DIRECTION OF VERDICT FOR PLAINTIFF.  Evidence offered by the defendant in an action to recover the purchase price of goods examined, and *held* that, considered in its entirety, although obscured by evidence tending to show a breach of express warranty, it is sufficient to establish a contract for "sale or return;" that, therefore, it was reversible error for the trial court to direct a verdict in favor of the plaintiff; that, as no time was fixed by the contract testified to by the defendant within which the goods were to be returned, the defendant was bound to return them within a reasonable time, and, that the question whether they were so returned should have been submitted to the jury.

*Greacen* v. *Poehlman,* 118 App. Div. 910, reversed.

(Argued March 11, 1908; decided March 31, 1908.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 27, 1907, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*T. E. Hancock* and *John N. Ardner* for appellant. The trial court erred in directing a verdict for the plaintiff. The contract was one of " sale or return." It was at least a question for the jury to determine whether the defendant was entitled to return the goods. (*Hickman* v. *Shimp*, 109 Penn. St. 16; *Hunt* v. *Wyman*, 100 Mass. 198; *People* v. *Cannon*, 139 N. Y. 32; *Wind* v. *Iler*, 93 Iowa, 316; *Osborne* v. *Francis*, 38 W. Va. 312; *Crandall* v. *Haskins*, 10 N. Y. S. R. 107; *Cornell* v. *Fox*, 95 App. Div. 71; *Johnson* v. *Trask*, 116 N. Y. 136; Benjamin on Sales [7th ed.], 606; *Jacobs* v. *Day*, 55 N. Y. S. R. 386.) It was a question of fact for the jury whether the boots were returned in due season. (*Sorg* v. *Crouse*, 88 Hun, 246; *Crandall* v. *Haskins*, 10 N. Y. S. R. 107; *M. H. Co.* v. *Warfield*, 33 App. Div. 513; *Gurney* v. *A. & G. W. Ry. Co.*, 58 N. Y. 358; *Pierson* v. *Crooks*, 115 N. Y. 539; *Crane Co.* v. *Collins*, 103 App. Div. 480; *Childs* v. *O'Donnell*, 84 Mich. 533.)

*A. B. Carrington* for respondent. The defendant had no right to return the goods at any time after acceptance. (*Foot* v. *Bentley*, 44 N. Y. 171 *Muller* v. *Eno*, 14 N. Y. 597; *Rust* v. *Eckler*, 41 N. Y. 494; *Day* v. *Pool*, 52 N. Y. 418; *Briggs* v. *Hilton*, 99 N. Y. 529; *F. C. Co.* v. *Metzger*, 118 N. Y. 260.)

WERNER, J. The plaintiff is a wholesale dealer in boots and shoes in the city of New York. The defendant is a retail dealer in such goods in the city of Syracuse. In the month of March, 1904, the plaintiff, through his agent Catlin, sold to the defendant a bill of goods amounting to about $3,500. The goods were to be delivered in installments during the summer and payment was to be made on December 1st, 1904.

Delivery of the goods was duly made and the defendant has paid the purchase price except the sum of $872.62. This action was brought to recover that balance of the purchase price.

Among the goods thus sold to the defendant there were 120 pairs of "Hood's Storm King" rubber boots. The defendant returned 96 pairs of these boots, and the only issue at the trial was whether under the contract between the parties the defendant had the right to do so. The complaint is in the ordinary form to recover a balance due for goods sold and delivered. The answer practically admits all the allegations of the complaint, but sets up a defense and counterclaim in which it is alleged that the rubber boots in question were warranted first quality, and that they were not as warranted. Commingled with these allegations, which were appropriate to the defense of breach of warranty, were averments to the effect that at the time the said goods were sold the plaintiff "agreed that if said goods were not in all respects as represented that defendant might return the same to plaintiff;" that defendant received the boots about June 20th, 1904, and discovered that they were defective; that his customers returned some of them to him; that he notified plaintiff of the fact; that plaintiff and his said agent requested defendant to again try and sell the boots, and if he failed then he could return them; "that thereafter defendant again attempted to sell said boots, but the same on account of said defects were returned to defendant by the purchasers. That many of the defects in said boots were latent and could only be discovered when said boots were put into use. That thereafter and on or about December 8th, 1904, pursuant to the contract made with the plaintiff herein, the defendant returned said goods to the plaintiff."

This defense and counterclaim, as has been remarked, embodies two separate and distinct affirmative defenses. The one is for 'the breach of an express warranty and the other is based upon the right to return the boots under what is tersely termed a contract of "sale or return." At the opening of the trial the counsel for the defendant stated that the issue was

whether the defendant had the right to return the boots. The defendant was awarded the affirmative of that issue, and all the evidence in the case was furnished by the defendant and his witnesses. The question presented by the evidence thus adduced is whether the trial court was justified in directing a verdict for the plaintiff.

The defendant, testifying in his own behalf, stated that the plaintiff's agent Catlin called upon him in Syracuse in February or March, 1904, and urged him to purchase this particular kind of rubber boots. His testimony is clearly to the effect that when the purchase was made Catlin agreed that if the boots should prove unsatisfactory, the defendant could return them and receive credit for their price on the account; that later, in the month of August, when defendant made complaint as to one pair of the boots, Catlin requested him to try them further and reiterated the agreement. The boots were delivered late in June or early in July. The defendant sold a few pairs in July and August, and received complaints in regard to them. He and his witnesses testified that the season for the sale of rubber boots does not commence until late in the fall; that the quality of rubber boots cannot be discovered by an inspection, and that the only test is to wear them; that the defendant had sold twenty-four pairs of these boots, some of which were returned by his customers. The balance, consisting of 96 pairs, were returned to the plaintiff on December 8th, 1904, as stated, but he refused to accept them.

There is considerable testimony in the case tending to show a breach of an express warranty, and it is evident that much more was excluded by the trial court under exceptions taken by the defendant's counsel. Some of these exceptions present error, but we shall not discuss them, because we think that a new trial must be had upon the ground that the defendant's evidence, considered in its entirety, tended to establish a contract for " sale or return," and that is the theory upon which the trial should have proceeded.

At the close of the case the plaintiff's counsel moved to dismiss the defendant's counterclaim. This motion was

granted under defendant's exception.    Plaintiff's counsel
then moved for the direction of a verdict in favor of the
plaintiff, and this motion also was granted under defendant's
exception.    The defendant's counsel then asked to go to the
jury upon the question whether the defendant was justified
in returning the goods in question; upon all the questions of
fact in the case; upon the question whether the goods had
been returned within a reasonable time, and upon the ques-
tion whether the defendant had returned the goods pursuant
to the contract in question.    This motion was denied, and the
defendant duly excepted.

The issue whether the goods were sold under a contract of
sale or return was much obscured both by the form of the
answer and the course pursued at the trial, but we think such a
contract was established by the defendant's evidence.    That a
contract of that character is legal and binding is not open to
doubt.    In Parsons on Contracts (Vol. 1, 539) the learned
author says : " There is another class of sales on condition, often
called Contracts of sale or return.    In these the property in the
goods passes to the purchaser, subject to an option in him to
return them within a fixed time, or a reasonable time; and if
he fails to exercise this option by so returning them, the sale
becomes absolute, and the price of the goods may be recovered
in an action of goods sold and delivered."    In *Schlesinger* v.
*Stratton* (9 R. I. 578) certain goods were sold to the defend-
ant upon a contract by which he was to pay for them within
thirty days, if they were as represented, otherwise they were
to be returned.    The court there said : " The contract in this
case belongs to a class of contracts often called ' contracts of
sale or return,' being upon a condition that the buyer may
return the goods within a fixed or reasonable time at his
option.    It has been held that goods so sold pass to the
purchaser, subject to the option in him to return them, and
that if he fails to exercise the option within the proper time
the price of the goods may be recovered as upon an absolute
sale."    Other instances of contracts falling within this class

32

may be found in the following cases: *Crandall* v. *Haskins* (10 N. Y. S. R. 107); *Walter A. Wood R. & M. M. Co.* v. *Smith* (50 Mich. 565); *Wind* v. *Iler & Co.* (93 Iowa, 316); *Osborne & Co.* v. *Francis* (38 W. Va. 312); *Page* v. *McMillan* (41 Wis. 337); *Giles* v. *Bradley* (2 Johns. Cas. 253); *Moss* v. *Sweet* (16 Ad. & El. N: R. 493). (And see, also, Tiedeman on Sales, § 214.)

As no time was fixed by the contract testified to by the defendant within which the boots were to be returned, the defendant's legal obligation was to do that within a reasonable time. Whether they were in fact returned within a reasonable time was, under the circumstances here shown, a question that should have been submitted to the jury. It appears that the boots were intended for sale during the late fall, and that their quality could not be determined upon an inspection. The defendant also testified that, when he complained of the boots in August, he was requested by the plaintiff's agent to give them a further trial. These facts were undisputed; but they were facts from which different men might draw opposing inferences, and we think they should have been submitted to the jury. "What is reasonable is sometimes a question of law, and at others a question of fact. When it depends upon an inference from peculiar, numerous or complicated circumstances it is usually a question of fact." (*McCarty* v. *Natural Carbonic Gas Co.*, 189 N. Y. 40, 47.) What is a reasonable time is generally a question of fact for the jury (*Pierson* v. *Crooks*, 115 N. Y. 539; *Cross* v. *Beard*, 26 N. Y. 85, 89; *Sorg Co.* v. *Crouse*, 88 Hun, 246; *Crandall* v. *Haskins*, 10 N. Y. S. R. 107; Tiedeman on Sales, § 214), and we think this is a case which falls within that general rule.

For these reasons we think the judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., HAIGHT, VANN, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Judgment reversed, etc.