BROWN & LOWE Co., Respondent, *v.* " HENRY " A. POTOLSKI, the Name " Henry " Being Fictitious, the First Name Being Unknown to Plaintiff, Said Defendant Being a Partner of the Defendant E. H. WELLS in the Firm of POTOLSKI & WELLS, and EDWARD H. WELLS, the Name " Edward " Being Fictitious, the First Name Being Unknown to Plaintiff, Said Defendant Being a Partner of the Defendant H. A. Potolski in the Firm of Potolski & Wells, Individually and as Copartners in Copartnership Firm of Potolski & Wells, Appellant.

Third Department, July 1, 1927.

Sales — transfer of title — action to recover sale price of road machine — truck was delivered on approval in August and was not returned although demand was made in November — title passed, under Personal Property Law, § 100, rule 3, subd. 2, as matter of law.

Title to a road machine, delivered by the plaintiff to the defendant, passed, as a matter of law, under subdivision 2 of rule 3 of section 100 of the Personal Property Law, since it appears that while the machine was sold to the defendant on approval and was delivered for his examination and acceptance in August, 1924, it was never rejected by the defendant who refused to return the machine as late as November, 1924. Under the facts, it must be held as a matter of law that no time being fixed for the return of the machine, a reasonable time had lapsed after the delivery, so that the failure of the defendant to return the machine constituted an acceptance thereof.

APPEAL by the defendant, " Henry " A. Potolski, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Schenectady on the 17th day of February, 1927, upon the verdict of a jury rendered by direction of the court.

The action was originally brought against Potolski and Wells as copartners. It developed that Wells was a superintendent for Potolski having a small percentage interest in the earnings. Thereafter the action was prosecuted against Potolski solely.

*Reilly & Yaras* [*Coplin Yaras* of counsel], for the appellant.

*Fryer & Lewis* [*Charles G. Fryer* of counsel], for the respondent.

VAN KIRK, J. Potolski was working out a highway contract. The plaintiff delivered, and claims that he sold for an agreed price, a second-hand road machine to Potolski. The machine was never returned to plaintiff, but defendant, after demand, refused to pay for it. This action is brought to recover the selling price. Defendant's position is as follows: He did not purchase the machine.

He took it on approval to " try it out " and if found in good condition he would keep and pay for it. This position is conclusively shown by the correspondence between the parties. Defendant wrote on August 23, 1924, in reply to a letter from plaintiff, dated August twenty-first: " If you will leave the machine on the job until I get my new Superintendent on the job and can try it out, if it is satisfactory, I will keep same and if not return it to you. Please advise. Very truly yours, H. A. Potolski." Two days later, August twenty-fifth, plaintiff wrote to defendant: " In reply to your letter of the 23d inst., please be advised that it is satisfactory to us if you keep the machine until you can try it out. Yours truly, Brown & Lowe Company, by Thos. C. Brown, G. P."

The following facts are undisputed: When the machine was delivered to defendant to " try it out " no time was fixed for return of the machine if not satisfactory. The defendant tried it out and used it upon a road contract which he was at the time performing. The machine was upon this contract until October or November, 1924, when defendant moved it to another job. In November, 1924, the plaintiff demanded a return of the machine or payment therefor. It was not returned and never has been; after another demand for payment this action was begun on December 16, 1925.

I think the court properly directed a verdict for the plaintiff. Subdivision 2 of rule 3 of section 100 of the Personal Property Law (as added by Laws of 1911, chap. 571) provides:

" 2. When goods are delivered to the buyer on approval or on trial or on satisfaction, or other similar terms, the property therein passes to the buyer —

" (a) When he signifies his approval or acceptance to the seller or does any other act adopting the transaction;

" (b) If he does not signify his approval or acceptance to the seller, but retains the goods without giving notice of rejection, then if a time has been fixed for the return of the goods, on the expiration of such time, and, if no time has been fixed, on the expiration of a reasonable time. What is a reasonable time is a question of fact."

Though the statute provides that what is a reasonable time is a question of fact, I think in this case it was a question of law. The machine was retained more than a reasonable time without giving notice of rejection. It was used upon one road contract, was then moved to another, and was retained by defendant a year and four months. As matter of law the title to the machine passed to defendant. (*Greacen* v. *Poehlman*, 191 N. Y. 493, 497, 498; *McCarty* v. *Natural Carbonic Gas Co.*, 189 id. 40, 47.) In

the latter case the court said: "What is reasonable is sometimes a question of law and at others a question of fact. When it depends upon an inference from peculiar, numerous or complicated circumstances it is usually a question of fact." It seems to me in the instant case there could be no conflicting inferences drawn as to whether the delay was reasonable. Defendant's claim that the machine was unsatisfactory is not proven, but, if proven, it would be no defense under the undisputed facts.

There are no other questions raised by the appellant, which I think require comment.

The judgment should be affirmed, with costs.

COCHRANE, P. J., McCANN, DAVIS and WHITMYER, JJ., concur.

Judgment affirmed, with costs.