JOHNSTON JEWELS, LTD. *v.* JEAN E. LEONARD ET AL.

ALCORN, HOUSE, THIM, RYAN and COVELLO, Js.

Argued October 6, 1967—decided January 30, 1968

*J. Richard Fay,* with whom, on the brief, was *Kenneth Garfunkel,* for the appellant (plaintiff).

*Adrian W. Maher,* with whom were *Kevin J. Maher* and, on the brief, *Thomas E. Minogue, Jr.,* for the appellee (defendant Gladys L. Isacs, executrix).

No appearance for the appellee (named defendant).

RYAN, J. This is an action in two counts brought by the plaintiff, a New York corporation dealing in jewelry and having its place of business in New York City. The first count relates to the defendant Mrs. Jean E. Leonard and alleges the sale of a diamond ring to her, the payment by her of $3000 on account, and her failure to pay the balance due in the sum of $3050. The second count is directed against Mrs. Leonard and the defendant Gladys L. Isacs as executrix of the estate of Herman H. Isacs, Jr., late of the city of Bridgeport. The plaintiff alleges that the decedent, Herman H. Isacs, Jr., died on or about January 1, 1964; that on or about December 1, 1963, the decedent, together with Mrs. Leonard, jointly purchased a diamond ring for the sum of $6050; that a few days later Mrs. Leonard endorsed to the order of the plaintiff an insurance company check made payable to her in the sum of $3000; and that there remains a balance of $3050, which both defendants have refused to pay. Mrs. Leonard in her answer admitted the pay-

ment of $3000 to the plaintiff and denied the other allegations of the complaint. The defendant executrix answered, denying the purchase of the ring by the decedent. Both defendants filed special defenses alleging that the action is barred by the Statutes of Frauds of New York and Connecticut.

The plaintiff assigns error in the failure of the trial court to find one paragraph of the draft finding, claiming that it was admitted or undisputed, but, since this assignment of error has not been briefed, it must be treated as abandoned. *Bartlett* v. *Flaherty,* 155 Conn. 203, 205, 230 A.2d 436; *Derby Savings Bank* v. *Kurkowski,* 155 Conn. 60, 63, 230 A.2d 26; *Kasowitz* v. *Mutual Construction Co.,* 154 Conn. 607, 612, 228 A.2d 149.

The finding recites the following facts: The decedent came alone to the plaintiff's store in New York on or about December 1, 1963. Roy W. Johnston, an employee of the plaintiff, had known the decedent since early in 1962, when he made a substantial purchase. Later, the decedent made other purchases. On December 1, 1963, the decedent told Johnston that the square diamond bracelet he had previously purchased was lost by the person to whom it had been given. Johnston tried to duplicate the bracelet but was unable to do so. The decedent was then shown a ring, which he took "on approval." The sale price of this ring was $6050. No charge was made to any account which the decedent may have had with the plaintiff, no written order of the transaction "on approval" was made at that time, no records were kept by the plaintiff as to the delivery of the ring, and no business records were made out by the plaintiff as of December 1, 1963, or shortly thereafter. The only record which the plaintiff had was an entry made by some

employee on January 17, 1964, more than two weeks after the decedent's death. No note or memorandum of the transaction was signed by the decedent, nor did he make any part payment to the plaintiff. Subsequent to the decedent's visit to the store, Mrs. Leonard came in wearing the ring in question and told Johnston that she would like to have a larger diamond. She was shown larger diamonds, indicated her dissatisfaction with those shown to her, and then told Johnston: "I think I will be happy with this one." At that time Mrs. Leonard endorsed an insurance company check made payable to her in the sum of $3000 and delivered it to Johnston. Subsequently, Mrs. Leonard sold the ring. At no time did Mrs. Leonard act as the agent of the decedent. All transactions between the parties occurred at the plaintiff's place of business in New York City.

On these facts the court reached the following conclusions: The plaintiff submitted the ring to the decedent "on approval." The decedent was at no time a buyer within the purport of § 85 of the New York Personal Property Law. There was no note or memorandum signed by the party to be charged in order to satisfy the New York Statute of Frauds. Mrs. Leonard was not the agent of the decedent at any time, and her act of part payment could not be attributed to the decedent since no relationship of agency existed. There was no part performance on the part of the decedent, and the plaintiff's claim is barred by the Statute of Frauds as set forth in § 85 of the New York Personal Property Law. The court also concluded that no sale had been made to any party.

The plaintiff assigns error in these conclusions of the court. The court's conclusions are to be

tested by the finding. *Brockett* v. *Jensen,* 154 Conn. 328, 331, 225 A.2d 190. The conclusions which the court reached must stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law material to the case. *Craig* v. *Dunleavy,* 154 Conn. 100, 105, 221 A.2d 855; *Yale University* v. *Benneson,* 147 Conn. 254, 255, 159 A.2d 169.

The plaintiff's basic claim is that there was a sale on approval to the decedent and an acceptance of the ring by him. The material questions as to whether there was such a sale and, if so, whether the Statute of Frauds barred a recovery by the plaintiff must be determined on the same subordinate facts and will be discussed together.

All of these transactions took place in New York, and the law of that state applies. The Uniform Commercial Code did not become effective in New York until September 27, 1964, and the parties were therefore not governed by its provisions. On the date of these occurrences, § 85 of the New York Personal Property Law was in effect.[1]

---

[1] "[N.Y. Pers. Prop. Law § 85.] STATUTE OF FRAUDS GOVERNING CONTRACTS TO SELL GOODS AND SALES OF GOODS 1. A contract to sell or a sale of any goods of the value of five hundred dollars or upward, except where the goods are to be manufactured especially for the buyer and are not suitable for sale to others in the ordinary course of the seller's business, shall not be enforceable by action unless: (a) There is some note or memorandum in writing signed by the party to be charged or his agent in that behalf, sufficient to indicate that a contract to sell or a sale has been made between the parties and showing the quantity of goods sold or contracted to be sold, or (b) The buyer has accepted part of the goods and actually received the same, or (c) The buyer has given something in part payment. 2. A writing which otherwise satisfied paragraph (a) of subdivision one is not insufficient because it omits or incorrectly states a term agreed upon, but the contract is not enforceable under that paragraph beyond the quantity of goods shown in such writing."

In view of the court's finding that no note or memorandum was signed by the decedent and that he gave nothing in part payment, the Statute of Frauds applied unless the decedent accepted the ring and actually received it. There can be no question about his receiving the ring since it was given to him on approval. Both acceptance and receipt of goods sold under an oral contract of sale are necessary to avoid a defense of the Statute of Frauds in an action to enforce the contract. *Maher v. Randolph*, 275 N.Y. 80, 83, 9 N.E.2d 786. Section 100 of the New York Personal Property Law in effect at the time, entitled "Rules for ascertaining intention," provided as follows: "Unless a different intention appears, the following are rules for ascertaining the intention of the parties as to the time at which the property in the goods is to pass to the buyer. . . . Rule 3. . . . 2. When goods are delivered to the buyer on approval or on trial or on satisfaction or other similar terms, the property therein passes to the buyer—(a) When he signifies his approval or acceptance to the seller or does any other act adopting the transaction; (b) If he does not signify his approval or acceptance to the seller, but retains the goods without giving notice of rejection, then if a time has been fixed for the return of the goods, on the expiration of such time, and, if no time has been fixed, on the expiration of a reasonable time. What is a reasonable time is a question of fact." The court did not find that the decedent signified his approval or acceptance to the seller or that he did any other act adopting the transaction. The finding contains no indication that a time was fixed for return of the goods, but the plaintiff claims that the decedent retained the goods for more than a reasonable time and that this retention consti-

tuted approval. The court did not find that the decedent had possession of the ring at the time of his death or that it ever came into the possession of his executrix. It did find that Mrs. Leonard had possession of the ring in December and that she subsequently sold it. There is no specific finding as to how long the decedent retained the ring, but it is admitted in the pleadings that he died on or about January 1, 1964, about one month after he received it. Whether he retained it for more than a reasonable time was a question of fact for the trial court. There are circumstances in which retention for a certain length of time may constitute acceptance as a matter of law. In *Brown & Lowe Co.* v. *Potolski,* 221 App. Div. 299, 223 N.Y.S. 71, the court held that a road machine taken on approval by the defendant, used on different road contracts and retained by him for one year and four months was, as a matter of law, retained for more than a reasonable time. "What is reasonable is sometimes a question of law and at others a question of fact. When it depends upon an inference from peculiar, numerous or complicated circumstances it is usually a question of fact." *McCarty* v. *Natural Carbonic Gas Co.,* 189 N.Y. 40, 47, 81 N.E. 549; *Greacen* v. *Poehlman,* 191 N.Y. 493, 498, 84 N.E. 390.

The circumstances in the instant case are peculiar, and the complaint is narrowly limited to a claim for the purchase price on the theory that the plaintiff had transferred title to the ring. Mrs. Leonard got possession of the ring and went into the plaintiff's store wearing it sometime in December, 1963. The plaintiff claims in its pleadings that it entered into a contract of sale with her, that she paid $3000 on account and agreed to pay the balance. Among the things which the trial court was

entitled to consider is the fact that the original complaint dated February 17, 1964, was directed against Mrs. Leonard alone and not against the decedent's estate. No claim was made against the estate until June 29, 1964. On the facts in the present case, there is no justification for us to determine as a matter of law that the decedent retained the ring for more than a reasonable time.

The plaintiff urges that, since the decedent had given the ring to Mrs. Leonard, he had divested himself of control over it and that this act constituted an acceptance and approval on his part. Although the trial court might well have drawn the inference that this is the manner in which Mrs. Leonard obtained possession of the ring, the court did not so find, and, since the finding of subordinate facts has not been attacked, we are not permitted to speculate as to how the ring came into her possession.

The conclusions of the trial court that there was no sale to the decedent and that, in any event, the plaintiff's claim against the defendant executrix is barred by the Statute of Frauds are legally and logically consistent with the finding of subordinate facts. The judgment rendered for this defendant cannot be disturbed.

So far as Mrs. Leonard is concerned, there is no dispute about the following facts found by the trial court: Mrs. Leonard came into the plaintiff's store wearing the ring in question and said that she would like to have a larger diamond. She was shown larger ones by the plaintiff's employee but did not care for them. She then said: "I think I will be happy with this one." At that time she endorsed a $3000 insurance company check payable to her and delivered it to the plaintiff. Some time later she

sold the ring. The plaintiff claims that this was an act of part payment and an acceptance and receipt of the goods so as to take the case out of the Statute of Frauds. This claim might well be true if the finding of subordinate facts indicated that there was a contract to sell the ring to Mrs. Leonard and an agreement on her part to purchase it. There is nothing in the finding to indicate that there was a discussion of the price or terms of a sale or that there was any agreement on her part to pay the balance due on the ring. Under the provisions of § 84 of the New York Personal Property Law, the court could have inferred such an agreement from the conduct of the parties, but it did not see fit to do so, and there is no finding to this effect. Since the finding of subordinate facts is unchallenged, we cannot hold that the conclusions of the trial court are not supported by the finding.

There is no error.

In this opinion the other judges concurred.