TOWN OF PROSPECT *v.* TOWN OF BEACON FALLS ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued January 18—decision released May 6, 1980

*Joseph A. Mengacci,* for the appellant (named defendant).

*William B. Fitzgerald, Jr.,* with whom was *Louis A. Highmark, Jr.,* for the appellee (plaintiff).

*N. Warren Hess III,* for the appellee (defendant Regional School District No. 16).

BOGDANSKI, J. In 1968, the legislative bodies of the towns of Prospect and Beacon Falls, pursuant to § 10-39 of the General Statutes, voted to form a temporary regional school study committee to determine the advisability of establishing a regional school district. In September of 1969, the committee issued its report which was subsequently approved by the state board of education. On November 20, 1969, a majority of the voters in each town voted in favor of establishing a regional school district in accordance with the recommended plan.

On July 11, 1974, Prospect brought this action against Beacon Falls and the Regional School District No. 16 seeking injunctions ordering Beacon Falls to convey the Laurel Ledge School to the defendant Regional School District No. 16 and ordering the Regional School District No. 16 to pay to the plaintiff the sum of $122,000 plus interest. The Regional School District No. 16 filed a cross complaint against Beacon Falls; the cross complaint was based entirely on the plaintiff's complaint.

The case was referred to the Hon. Joseph E. Klau, state referee. On August 23, 1977, the trial referee rendered a judgment for the plaintiff and

the defendant Regional School District No. 16 on the complaint and cross complaint. The court ordered the plaintiff and the defendant Beacon Falls to transfer title to their respective schools to the defendant Regional School District No. 16. The court also found the sum of $97,823 to be due to the defendant Regional School District No. 16 from the defendant Beacon Falls with interest from January 1, 1971 at the rate of 6 percent on the outstanding balance to the date of judgment. All sums so paid to the defendant Regional School District No. 16 were to be paid over to the plaintiff. From that judgment the defendant Beacon Falls appealed to this court.

Prospect's school system prior to regionalization was composed of three schools, the "Middle School," the "Community School" and the "Algonquin School." Beacon Falls had only one school, the "Laurel Ledge School." Prior to the institution of the present action, Prospect transferred title to the Middle School to the Regional School District No. 16 but retained title to the other two schools; Beacon Falls refused to convey the Laurel Ledge School to the Regional School District No. 16.

The certified plan for capitalization of the proposed Regional School District No. 16 provided as follows:

### "FINANCE COMMITTEE REPORT

The existing values of buildings and equipment for the equalization purposes necessary to determine the contributions of each town in a Kindergarten through grade twelve (K-12) region has been approximated from insurance rates. The values of the existing facilities were totaled for each town.

| TOWN | VALUE |
|------|-------|
| Beacon Falls | $ 860,150 |
| Prospect | $ 1,868,820 |
| | |
| Total | $2,728,970 |

In order to determine the amount of debit or credit value of the existing school plant each town brings to the region, the percentages of apportionment (which is the distribution of costs based on enrollment) has been applied to the total value of $2,728,970. Equity in school facilities entitles Prospect to a credit from the region. The credit is equalized by a debit to Beacon Falls. Debit-credit apportionment is shown in the following table:

| TOWN | PER CENT | APPORTIONMENT OF TOTAL VALUE | DEBIT OR CREDIT |
|------|----------|------------------------------|-----------------|
| Beacon Falls | 36 | $ 982,429 | −122,279 |
| Prospect | 44 | $1,746,541 | −122,279"[1] |

The issue dispositive of this appeal is whether the regional school study committee's report with respect to capitalization (which is completely set out above) complies with the provisions of § 10-43 (a) of the General Statutes. Section 10-43 (a) provides that the committee's report must contain "a recommendation concerning the capital contribution of each participating town based on *appraisals of existing land and facilities owned and used by each town* for public elementary and secondary education which the committee recommends be acquired for use by the proposed regional school district."[2]  (Emphasis added.)

---

[1] It was stipulated that the minus sign involved a typographical error; the figure should represent a credit to Prospect.

[2] General Statutes § 10-43 (a) also provides: "'The capital contribution of each participating town shall be in the same proportion to the total purchase price of the property transferred as the number

Notwithstanding the approval of the state board of education, the committee's report does not meet the statutory requirement that the capital contribution of each town be based upon the appraised value of the land and facilities which each would contribute to the Regional School District No. 16. Even if we assume that an appropriate determination as to the value of buildings and personal property can be derived from insurance rates, the report fails to set forth which property, if any, was to be conveyed to the Regional School District No. 16, and utterly fails to take into consideration the appraised value of the land intended to be so transferred.

Conclusions reached by the court are tested by the finding and will not stand if they are not supported by the facts found. *Johnston Jewels, Ltd.* v. *Leonard,* 156 Conn. 75, 79, 239 A.2d 500 (1968). The trial court's finding that there was an appraisal of buildings and equipment approximated from insurance rates does not support its conclusion that the regional school study committee's report met the requirement for an appraisal set forth in § 10-43 (a).

There is error, the judgment is set aside and the case is remanded with direction to proceed in a manner not inconsistent with this opinion.

In this opinion the other judges concurred.

---

of pupils used to compute the grant to such town pursuant to section 10-262 for the school year preceding that in which the plan is approved by the state board of education bears to the total number of such pupils in the participating towns. . . ."