■ PHILIP H. TABOR et al., Appellants, v THOMAS R. LOGAN, Doing Business as LOGAN BROTHERS FARM, Respondent.—In an action, *inter alia,* to recover the balance due on the sale of high-moisture shell corn, or, in the alternative, to recover on the defendant's promissory note dated April 14, 1984, plaintiffs appeal from an order of the Supreme Court, Dutchess County (Green, J.), dated November 21, 1984, which denied their motion for summary judgment.

Order reversed, on the law, with costs, motion granted, and matter remitted to the Supreme Court, Dutchess County, for a hearing on the issue of attorney's fees and for entry of an appropriate judgment.

Plaintiffs sold and delivered high-moisture shell corn to defendant in December 1983. The total price due was $27,269.79. Subsequently defendant made payments totaling $4,000 in March 1984. On April 14, 1984 defendant executed a promissory note for the outstanding balance of $23,269.79, to be paid on June 16, 1984. After defendant failed to make the scheduled payment and after written demand for the same, plaintiffs commenced this action. In his answer, served in July 1984, defendant purported to rescind the sale transaction, contending the goods were nonconforming and that plaintiffs had misrepresented their quality.

Under the facts of this case we find, as a matter of law, that defendant failed to make timely rejection of the goods, and is therefore liable to plaintiffs for the sale price (Uniform Commercial Code § 2-602). Generally, what is a timely rejection is a question of fact for the jury *(see, Greacen v Poehlman, 191 NY 493, 498)*. However, as in the instant case, when only one inference may be drawn as to the reasonableness of the time in which defendant rejected the goods, it becomes a question of law *(cf. Bangor Clothing Co. v Superior Sportswear Corp., 22 AD2d 864, affd 16 NY2d 1018; Brown & Lowe Co. v Potolski, 221 App Div 299)*.

Special Term also erred in finding a triable issue with respect to the adequacy of consideration for the promissory note executed by defendant. By statute the antecedent debt constituted adequate consideration as a matter of law (Uniform Commercial Code § 3-408).

Finally, we find that defendant's allegation that he was induced by plaintiffs' misrepresentation to purchase the corn and subsequently to execute the April 14, 1984 promissory note was insufficient to defeat plaintiffs' motion for summary judgment. It was incumbent upon defendant to submit proof in evidentiary form to substantiate this allegation *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *see also,* CPLR 3016). Mangano, J. P., Bracken, O'Connor and Weinstein, JJ., concur.