■ RICE AIRCRAFT, INC., Appellant, v GRUMMAN AEROSPACE CORPORATION, Respondent. [601 NYS2d 181] —In an action to recover payment for goods sold and delivered, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Saladino, J.), dated November 14, 1990, as denied its cross motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff seeks to recover payment for certain aerospace fasteners which it sold to the defendant. The defendant asserts, among other defenses, that once it learned of certain fraudulent conduct on the part of the plaintiff and Bruce J. Rice, a principal officer of the plaintiff company, the defendant sought assurances that the fasteners in its possession were proper, and that the contract was voided when the plaintiff failed to give the defendant adequate assurances.

We agree with the Supreme Court that issues of fact exist regarding whether the defendant acted reasonably, and whether the plaintiff provided sufficient assurances *(see,* UCC 2-609). Issues of fact also exist as to whether the defendant timely rejected the goods *(see, Greacen v Poehlman,* 191 NY 493, 498; *Tabor v Logan,* 114 AD2d 894). That the defendant has not tendered the fasteners back to the plaintiff does not require judgment as a matter of law against the defendant, because the defendant has essentially alleged that the fasteners here are counterfeit. "When the goods are counterfeit, the buyer is not required to return them to the seller as a condition precedent to the recovery of damages for breach of warranty, as this would allow them to return to the stream of commerce" (Anderson, Uniform Commercial Code § 2-608:32, at 196 [3d ed], citing *United States v Franklin Steel Prods.,* 482 F2d 400, *cert denied* 415 US 918).

We have examined the plaintiff's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Santucci and Joy, JJ., concur.