■ B/R SALES CO., INC., Respondent, v KRANTOR CORP., Appellant. [640 NYS2d 204] —In an action to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Nassau County (Kutner, J.), entered March 9, 1995, which is in favor of the plaintiff and against it in the principal amount of $31,143.

Ordered that the judgment is affirmed, with costs.

We agree with the appellant that, when viewed in the light most favorable to it (*see, Baker v Briarcliff School Dist.,* 205 AD2d 652), the evidence in opposition to the plaintiff's motion for summary judgment is sufficient to raise a triable issue of fact with respect to whether the goods that the plaintiff delivered to the appellant conformed to the plaintiff's offer and whether the plaintiff's offers to cure were sufficient.

However, the Supreme Court properly granted the plaintiff's motion for summary judgment. We agree with the Supreme Court that, as a matter of law, the appellant failed to reject the goods within a reasonable time (*see,* UCC 2-602 [1]). Although what is a reasonable time is generally a factual question (*see, T. W. Oil v Consolidated Edison Co.,* 57 NY2d 574, 583, n 7; *see, Graecen v Poehlman,* 191 NY 493, 498), the issue becomes a question of law "when only one inference may be drawn as to the reasonableness of the time in which defendant rejected the goods" (*Tabor v Logan,* 114 AD2d 894). In his affidavit in support of the plaintiff's motion for summary judgment, the plaintiff's president stated that, in the parties' industry, "all claims must be made upon delivery or within a reasonable time frame, 48 hours after acceptance of [the] first shipment or any additional shipments." The appellant did not refute this statement. Since the appellant did not reject the allegedly nonconforming goods until four weeks after the plaintiff's offer to cure, its rejection was untimely as a matter of law (*see, Tabor v Logan, supra*). Miller, J. P., Joy, Hart and Krausman, JJ., concur.