Rubin v Sabharwal (2025 NY Slip Op 03778)

Rubin v Sabharwal

2025 NY Slip Op 03778

Decided on June 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 24, 2025

Before: Moulton, J.P., Gesmer, Scarpulla, Rosado, O'Neill Levy, JJ. 

Index No. 650839/17|Appeal No. 4608|Case No. 2024-04463|

[*1]Shelley Rubin, Plaintiff-Appellant,
v
Nisha Sabharwal et al., Defendants-Respondents, Om Vastra LLC, et al., Defendants.

The Law Offices of Neal Brickman, PC, New York (Ethan Y. Leonard of counsel), for appellant.
Certilman Balin Adler & Hyman, LLP, East Meadow (Paul B. Sweeney of counsel), for respondents.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about June 11, 2024, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff's delay of between two and three and a half years in giving notice of rejection of the goods is unreasonable as a matter of law, where plaintiff paid $18 million for jewelry without any appraisal or verification of its nature or quality (see UCC 2-608[2]; Tabor v Logan, 114 AD2d 894, 894 [2d Dept 1985]). This is particularly true here, where plaintiff had the means and sophistication to obtain her own appraisal.
We do not reach plaintiff's claims for breach of warranty under UCC 2-313 and 2-314, as they were never pleaded or stipulated to, and there was no prior pending motion to amend. Were we to reach the claims, we would find that they are barred for unreasonably late notice (see UCC 2-607[3]).
Plaintiff's claims for rescission and breach of the covenant of good faith and fair dealing are not separate from the breach of contract claim, and the dismissal of that claim mandates dismissal of these claims as well (see UCC 2-608, Comment 1; see also Quail Ridge Assoc. v Chemical Bank, 162 AD2d 917, 919 [3d Dept 1990] [no recovery for violation of good faith absent some other basis for recovery], lv dismissed 76 NY2d 936 [1990]; Super Glue Corp. v Avis Rent A Car Sys., 132 AD2d 604, 606 [2d Dept 1987] ["Code does not permit recovery of money damages for not acting in good faith where no other basis of recovery is present"]).
Plaintiff's claim for unjust enrichment is barred by the existence of express contracts governing the subject matter (see Pappas v Tzolis, 20 NY3d 228, 234 [2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 24, 2025